

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMONE RUFFIN,<br><br>  Plaintiff,<br><br>v.<br><br>JAMS, INC. et al,<br><br>  Defendants. | Case No.: 24-cv-02242-CAB-MSB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 4.] |

On December 12, 2024, Plaintiff filed a complaint against Defendant JAMS, Inc. and several individual Defendants, including a retired judge. [*See* Compl.] Plaintiff is proceeding pro se, and the Court must construe the complaint liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

As it relates to Fed. R. Civ. P. 12(b)(1), "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). This threshold requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). As such, the Court can dismiss a case on subject matter-jurisdiction grounds sua sponte. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

In her civil cover sheet, Plaintiff claims that this Court has jurisdiction through a proper federal question.[1] [Doc. No. 1-1.] But Plaintiff has not actually pleaded a federal claim. Though referring to equal protection and due process claims in the caption of the complaint, Plaintiff does not allege facts to identify any state actor responsible for those alleged violations in the body of her compliant. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (a plaintiff bears the burden to establish jurisdiction).

In her response to Defendant JAMS' motion to dismiss, [Doc. No. 4], Plaintiff argues that her complaint should be construed as pleading a Section 1983 theory against a retired judge. [Doc. No. 12 at 8.] Even if the Court does so, based on the alleged facts, a retired judge presiding over a private arbitration is not a state actor for purposes of Section 1983. *See Fed. Deposit Ins. Co. v. Air Fla. Sys., Inc.*, 822 F.2d 833, 842 n.9 (9th Cir. 1987) (holding that arbitration is not state action when conducted by a private arbitrator). Plaintiff cannot possibly plead a Section 1983 claim against the private arbitrator, and such a frivolous claim does not give rise to federal question jurisdiction. *See Steel Co*, 523 U.S. at 89.

Nor can this Court exercise jurisdiction through diversity. 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity: Plaintiff must be citizen of a different state than each Defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). Although the complaint is somewhat unclear, in the civil cover sheet, Plaintiff identifies the principal parties to this case as residents of California. [Doc. No. 1-1.] Based on the available record, the Court does not have subject matter jurisdiction over this case.

///

///

---

[1] Plaintiff's complaint does not identify a proper basis for jurisdiction and instead cites 28 U.S.C. § 84 (federal law dividing California into four judicial districts).

The Court will give Plaintiff until **April 30, 2025** to amend her complaint. Nevertheless, should this Court have jurisdiction over the amended complaint, the Court is likely to grant a future motion to dismiss based on the arguments on the merits raised by Defendants.

Dated: April 9, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge